United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31216
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN KEITH MCCALL,
also know as Sealed Defendant #2,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 03-CR-15-B-2
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bryan Keith McCall appeals his sentence for aiding and abetting the attempted bribery of a public official. McCall argues that his 86-month sentence must be vacated in light of United States v. Booker, 125 S. Ct. 738 (2005) because it is based on contested facts not established by McCall's guilty plea.

In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Booker also struck down 18 U.S.C. § 3553(b)(1) and thus rendered the Sentencing Guidelines advisory rather than mandatory. Id. at 764-65.

The district court found that the purpose of McCall's attempted bribery was to obstruct justice in a drug-trafficking prosecution and calculated his sentence using an estimated quantity of drugs reasonably attributable to the drug conspiracy. McCall objected that his sentence should be computed using the Sentencing Guideline for simple bribery because there was "no evidence" that he was involved in the drug conspiracy. McCall's 86-month sentence exceeded the maximum sentence that could have been imposed based solely on his plea and, thus, constituted a Sixth Amendment violation under Booker. See Booker, 125 S. Ct. at 769.

When, as here, a defendant has preserved a Booker Sixth Amendment error in the district court, we will ordinarily vacate the sentence and remand, unless we determine that the error is harmless under Fed. R. Crim. P. 52(a). United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005). Under Akpan, the Government must establish beyond a reasonable doubt that the Booker error did not contribute to McCall's sentence. Akpan, 407 F.3d at 377. Because we conclude that the Government has not met its burden of showing that McCall's 86-month sentence is harmless under Booker, we vacate

McCall's sentence and remand the case to the district court for resentencing.

    VACATED AND REMANDED.